IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-CR-14 |
| VERNON BAKER | : | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

The defendant, Vernon Baker, has been indicted for sexually assaulting a woman who was seated next to him on October 30, 2024, on a Spirit flight from Los Angeles to Philadelphia. After the victim politely refused his crude and physical sexual advances, the defendant took out his penis and forcibly tried to get the victim to touch him. He then grabbed her breast over her clothing and untied her pants. Traumatized and shaken, the victim rushed to the back of the cabin where she reported this assault to flight attendants. Upon the flight landing in Philadelphia, the defendant was interviewed by the Federal Bureau of Investigation ("FBI"). In a post-Miranda oral statement, Baker admitted grabbing the woman's chest claiming this was not something serious. The defendant dismissed the notion that this conduct was worthy of law enforcement involvement wondering why the FBI was wasting their time investigating.

The FBI, in conducting a background investigation on Baker on October 30, 2024, learned that he had an outstanding warrant out of Lehigh County at the time.   After their interview, he was transported to Lehigh County to appear on that criminal case. Baker was eventually released on that matter, but later failed to appear on January 17, 2025, in Lehigh County.

Once the defendant was indicted on January 14, 2025, the FBI was unsuccessful in locating Baker at his last known address in Linden, New Jersey or at the address on his driver's license in Allentown, Pennsylvania. Baker was arrested on this indictment on February 18, 2025 at Newark Liberty Airport as he was preparing to depart on a flight to Los Angeles.

The defendant, most recently failed to appear in a court in Lehigh County on January 17, 2025. He has an extensive criminal history and has failed to appear in court in the past. Baker reported to U.S. Pretrial Services that he has been homeless for two years.

Because no condition or combination of conditions will reasonably assure the defendant's appearance as required, the government moves pursuant to 18 U.S.C. § 3142(e) for a detention hearing and pretrial detention of the defendant.

**I.    THE FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

**A.    Probable Cause and the Evidence in this Case**

1. There is probable cause to believe that the defendant has violated Title 49, United States Code, Section 4506 as charged in indictment filed on January 14, 2025.

2. The evidence in this case is strong.

   a. The defendant was indicted for sexually assaulting the woman seated next to him on an airplane on October 30, 2024.

   b. The victim, visibly upset and traumatized, promptly reported the defendant's conduct to flight attendants aboard the flight.

        c.      In a post-Miranda statement to the FBI, Baker admitted that he grabbed her breast.

### B. **Maximum Penalties**

The total maximum penalty the defendant faces for a violation of Title 49, United States Code, Section 46506 is three years' imprisonment, one year of supervised release, a $250,000 fine, and a $100 special assessment. A preliminary sentencing guideline calculation for this offense is 15-21 months' imprisonment.

### C. **Community Ties**

1. The defendant has one prior conviction for drug trafficking in 2007 in New Jersey, three convictions for DUI in 2013, 2015, and 2018 in Lehigh County, and one conviction for possession of a controlled substance in 2019 in Fogelsville, Pennsylvania.

2. Baker has three open cases. The first is a 2022 arrest in Middlesex County, New Jersey for receiving stolen property and the second is an arrest on May 7, 2024 in Los Angeles, California for grand theft auto. A warrant was issued in this case on July 9, 2024.

3. Baker has an outstanding warrant in a Lehigh County for a failure to appear on January 17, 2025 on a drug possession case.

4. The defendant reports that he is homeless.

## II. **CONCLUSION**

When all these factors are viewed in light of the jail sentence the defendant faces if convicted and the unavailability of less restrictive conditions, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

>Respectfully submitted,
>
>NELSON S.T. THAYER, JR.
>United States Attorney
>
>s/ Josh A. Davison
>Josh A. Davison
>Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 25-CR-14 |
| VERNON BAKER | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this _____ day of February, 2025, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

1. There is probable cause to believe that the defendant has violated Title 49, United States Code, Section 4506 as charged in indictment filed on January 14, 2025.

2. The evidence in this case is strong.

   a. The defendant was indicted for sexually assaulting the woman seated next to him on an airplane on October 30, 2024.

   b. The victim, visibly upset and traumatized, promptly reported the defendant's conduct to flight attendants aboard the flight.

    c. In a post-Miranda statement to the FBI, Baker admitted that he grabbed her breast.

  4. There do not appear to be less restrictive conditions available that will assure the defendant's appearance in court.

  5. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a period of time, increases the high risk that the defendant will not appear as required by the Court.

  Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

        BY THE COURT:

        _____
        HONORABLE CAROL S. WELLS
        United States Magistrate Judge

CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by electronic mail on the following defense counsel:

Kathleen Gaughan, Esq.

s/ Josh A. Davison
JOSH A. DAVISON
Assistant United States Attorney

Date:   February 20, 2025