IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :

  v.          :    CRIMINAL NO. 25-14

VERNON BAKER      :

### GOVERNMENT'S SENTENCING MEMORANDUM

Seeking to gratify his own deviant sexual pleasure, defendant Vernon Baker, sexually assaulted a woman who was a passenger on a trans-continental flight. On October 30, 2024, on a Spirit Airlines flight from Los Angeles to Philadelphia, the defendant was aggressively flirting with the victim seated next to her. Unable to accept no for an answer, Baker eventually exposed himself grabbing the victim's hand in an effort to have her touch his penis. Baker then touched her breast and untied her pants. Stunned and terrified, the victim ran to the back of the plane where she was met by flight attendants. The victim was so traumatized that she was unable to speak to the attendants at first due to her hyperventilating. As will be discussed in this memorandum, this predatory behavior was outrageous. For the reasons provided below, the government submits that a sentence of 27 months' incarceration – the top end of the agreed upon Sentencing Guidelines range – and a one-year term of supervised release, is the appropriate sentence in this case, absent any basis for a below-guideline sentence addressed in the supplemental sealed attachment to this sentencing memorandum.

## I. INTRODUCTION

The government submits this memorandum in advance of the sentencing hearing scheduled for March 23, 2026. A grand jury returned an indictment on January 14, 2025,

charging Vernon Baker with one count of abusive sexual contact on an aircraft, in violation of 49 U.S.C. § 46506.

On December 3, 2025, the defendant entered a plea of guilty to Count One of the indictment. There is no plea agreement in this case.

## II.    SENTENCING CALCULATION

### A.  Maximum Sentences

The Court may impose the following statutory maximum sentence:

Count One- 49 U.S.C. § 46506 (abusive sexual contact on an aircraft, 18 U.S.C. § 2244(a)(2)) - three years' imprisonment, a $250,000 fine, restitution, one year of supervised release and a $100 special assessment.

Under the Sex Offender Registration and Notification Act (SORNA), a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant must update his registrations not later than three business days after any change of name, residence, employment, or student status. Failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both. This registration will also be a condition of any supervised release. Independent of supervised release and the federal law requirements, he will be subject to state sex offender registration requirements, and that these federal law and state requirements may apply throughout his life.

If supervised release is revoked, the original term of imprisonment may be increased by up to one year imprisonment on Count One. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

**B.  Sentencing Guidelines Calculation**

The Probation Office correctly calculated the defendant's Total Offense Level at 10 and his Criminal History Category as V, resulting in a Sentencing Guidelines range of 21-27 months' imprisonment. The defendant did not file any objections to these calculations in the Presentence Report. The details of the calculation are as follows:

| | | |
|---|---|---|
| Base Offense Level | (USSG § 2A5.3, § 2A3.4) | 12 |
| Acceptance of Responsibility | (USSG §3E1.1) | -2 |
| Total Offense Level | | **10** |
| Criminal History Category | (USSG §4A1.1(a)) | V |
| Sentencing Guideline Imprisonment Range | | 21-27 months |

## III.   SENTENCING ANALYSIS

A sentencing court follows a two-step process, first calculating the range under the Sentencing Guidelines, and then considering that range along with all pertinent 18 U.S.C. § 3553(a) factors in determining the appropriate sentence. *See* USSG § 1B1.1 (Nov. 1, 2025).

At the second step of the sentencing process, "[t]he record must demonstrate the trial court gave meaningful consideration to the ' 3553(a) factors. . . . [A] rote statement of the ' 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution

3

properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted). See also *Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."); *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("Failure to give 'meaningful consideration' to any such argument renders a sentence procedurally unreasonable which, when appealed, generally requires a remand for resentencing.").

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors.

A.  Nature and Circumstances of the Offense and History of the Defendant.

It is clear from his disturbing conduct in this case and the nature of his lengthy criminal history that Baker places his interests well above others and is unhinged. The best evidence of his complete disregard for others was the incredulousness he expressed to the Federal Bureau of Investigation (FBI) that they took an interest in this matter after this flight landed. Baker admitted to the FBI grabbing the victim's chest and leg but failed to see how this was an issue. He claimed he made a "smooth pass" at the victim and did not rape her. PSR ¶¶ 17-18. As a 41-year old man, Baker treated the incident in a nonchalant fashion failing to understand the gravity of his sexual assault.

Baker's three prior convictions for driving under the influence in 2013, 2015, and 2018 demonstrate his willingness to put his own interests well above the safety of the public. Further, Baker has five open criminal cases in various jurisdictions, all of which with outstanding bench warrants, due to his failure to appear. He violated the terms of his conditions of pretrial release in

4

the instant case showing how he is incapable of fulfilling obligations or making responsible decisions.

In this case, his predatory and selfish behavior had serious consequences. Baker traumatized his victim demonstrating absolutely no regard for the well-being and feelings of another person. The victim demonstrated an inordinate amount of patience in attempting to deal with the defendant for hours throughout her cross-country flight to Philadelphia. Despite his attention seeking and aggressive behavior, the victim calmly answered questions and even offered him some of her food after he asked. In response to the defendant's heavy flirting, the victim put in her earbuds and watched videos on her tablet in order to diffuse the situation. The victim's kindness and tolerance was rewarded with assaultive and lewd conduct by the defendant.

Rather than express any type of remorse, Baker mocked the FBI for investigating the matter. Baker could not understand why he was being questioned and was outraged that he had to answer for what he considered acceptable behavior. His deviance and non-conformance speak volumes as to his character.

The idea that any passenger could be subject to this kind of unwanted sexual touching on an airplane is unfathomable.

B. <u>The Need to Reflect the Seriousness of the Offenses, Promote Respect for the Law, Provide Just Punishment and Adequate Deterrence, and Protect the Public.</u>

The seriousness of Baker's crime is unmistakable. Baker inflicted fear and trauma upon the victim. A significant sentence needs to convey to the defendant that this kind of behavior is unacceptable and inexcusable.

The sentence in this case must promote respect for the law and deter Baker and like-minded individuals from targeting individuals in this fashion. Unfortunately, with the

vulnerabilities associated with passengers, the opportunity to commit this type of sexual offense is frightening. It is any passenger's nightmare when travelling, especially alone, that an unsuspecting stranger who appears to be harmless, will take advantage of them and exploit them.

There must be an expectation that an individual can travel on an airplane, especially on a long flight, unmolested. On airplanes and in other shared spaces, there must be a common understanding that members of the public, confined in a small area, will respect one another and act appropriately. A breach of that trust on one's fellow passenger, as committed by Baker, in such an entitled and predatory fashion, has far reaching consequences to not only the victim, but the entire community.

Baker's criminal behavior not only victimized the victim in this case, but alerts the public that they need to be guarded in these situations. The idea that a passenger can be taken advantage of in this setting, is unsettling, to say the least. The amount of hurt and damage caused by Baker's impulsive and selfish decision to satisfy his own sexual gratification is staggering.

A significant prison sentence is the only way to satisfy these goals of 18 U.S.C. §3553(a).

C.  The Need to Provide the Defendant with Medical Care or Education.

There is a need to provide the defendant with mental health treatment. PSR ¶¶ 80-82. The Bureau of Prisons is capable of providing for these needs at many of its facilities during his period of incarceration. A one-year term of supervised release will also be beneficial for continued monitoring of the defendant's mental health. Accordingly, there is no need to alter his sentence of incarceration in any way to provide for this treatment.

## IV.  CONCLUSION

When considered in the aggregate, a sentence of 27 months' imprisonment for Baker's crime is reasonable and appropriate. The strong need to provide for adequate deterrence for this

6

serious and consequential crime is clear. In weighing the sentencing factors under Section 3553(a), there is ample basis to support the imposition of a 27-month term of incarceration.

For the reasons set forth above, the government respectfully requests that the Court impose a sentence of 27 months' imprisonment.

Respectfully submitted,

DAVID METCALF
United States Attorney


/s Josh A. Davison
JOSH A. DAVISON
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing government's sentencing memorandum was sent by electronic mail to:

> Katrina Young, Esq.
> Katrina_young@fd.org
>
> Kathleen Gaughan, Esq.
> Kathleen_gaughan@fd.org


/s Josh A. Davison
JOSH A. DAVISON
Assistant United States Attorney


Date:   March 16, 2026